# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| AUNSHAWN HENDERSON, on behalf of himself and all others similarly situated, | : : : : : : : : : : : | Case No. 3:18-cv-6 |
| | | Judge Thomas M. Rose |
| Plaintiff, | | |
| v. | | |
| KRIEGER BEARD SERVICES, LLC, | | |
| Defendant. | | |

## ENTRY AND ORDER GRANTING PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION (DOC. 15)

This case is before the Court on the Motion for Conditional Certification (Doc. 15) filed by Plaintiff Aunshawn Henderson ("Plaintiff") under Section 16(b) of the Fair Labor Standards Act ("FLSA"). Defendant Krieger Beard Services, LLC ("Krieger Beard") provides satellite television installation services for AT&T and DirecTV. Plaintiff is a satellite installation technician who worked for Krieger Beard. Plaintiff claims that he was a non-exempt employee entitled to overtime compensation from Krieger Beard, but was not paid such compensation for his work. Plaintiff asks the Court to conditionally certify an FLSA collective action and order notice sent to putative members of a class of all individuals who work or have worked for Krieger Beard as satellite installation technicians in Indiana and Illinois within the last 3 years. Krieger Beard opposed the Motion for Conditional Certification, which is fully briefed and ripe for review. (Docs. 15, 20, 21.) For the reasons below, the Court **GRANTS** Plaintiff's Motion for Conditional Certification.

## I. LEGAL STANDARD

Congress enacted the FLSA "to aid the unprotected, unorganized and lowest paid of the nation's working population; that is, those employees who lacked sufficient bargaining power to secure for themselves a minimum subsistence wage." *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015) (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 n. 18 (1945)). The FLSA establishes not only a minimum wage, but also requires employers to pay their employees "at a rate not less than one and one-half times the regular rate" for work exceeding forty hours per week. 29 U.S.C. § 207(a)(1).

Section 216(b) of the FLSA allows employees to bring a collective action on behalf of themselves and other similarly situated employees to recover compensation from their employer. 29 U.S.C. § 216(b). A principal difference between a collective action and a class action certified under Fed. R. Civ. P. 23 is that class members in a collective action must "opt-in" to the litigation, whereas Rule 23 requires class members to "opt-out" if they do not want to be included.

The certification of a collective action is a two-step process: the first step, conditional certification, occurs at the beginning of discovery and the second step occurs "after all class plaintiffs have decided whether to opt-in and discovery has concluded." *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012) (citing *Comer v. Wal–Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006)). To obtain conditional certification, the plaintiff must "make a modest factual showing" that the employees in the proposed class are "similarly situated." *Comer*, 454 F.3d at 546-47 (citing 29 U.S.C. § 216(b)). This is a "fairly lenient standard" that "typically results in conditional certification of a representative class." *Id.* at 547. In most circumstances, the district court should "refrain from resolving factual disputes and deciding matters going to the merits" at this stage. *Dinkel v. MedStar Health, Inc.*, 880 F. Supp. 2d 49, 53 (D.D.C. 2012).

At the second stage, courts apply a "stricter standard" and more closely examine "the question of whether particular members of the class are, in fact, similarly situated." *Id.* at 547. "[P]laintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009). If the court determines at the second step that the plaintiffs are not similarly situated, it may decertify the class. At both the first and second step, the lead plaintiffs bear the burden of showing that they are similarly situated to the opt-in plaintiffs. *White*, 699 F.3d at 877.

## II. ANALYSIS

The Court's inquiry at this stage is limited to whether Plaintiffs have made a modest factual showing that they and the proposed class members are similarly situated. Krieger Beard argues that Plaintiff has not made this showing and that Plaintiff and the technicians in the proposed class were independent contractors exempt from the FLSA's requirements.

### A. Whether Plaintiffs Are Similarly Situated to Proposed Class Members

Plaintiff submitted an affidavit attesting to the following facts: Plaintiff worked as a satellite installation technician for Krieger Beard from June 2016 to May 2017. In order to perform work for KBS, Plaintiff and its other technicians were required to sign an agreement drafted by Krieger Beard, which stated that they were independent contractors.

Plaintiff worked for Krieger Beard five to six days a week. Krieger Beard assigned Plaintiff jobs every day through a smartphone application called MobiControl. Every morning, Plaintiff had to open this application and "acknowledge" the jobs assigned to him for the day. Through the MobiControl application, Krieger Beard specified the types of services to be performed, the

3

equipment needed for each job assignment, and the location and timeframe for each job assignment.

Every morning at 7 AM, Plaintiff was required to report to a Krieger Beard warehouse in Gary, Indiana, in order to pick up the equipment he needed for the day's assignments and check in with a Krieger Beard supervisor. There were approximately ten to fifteen other technicians who reported to this warehouse; in addition, approximately sixty technicians reported to the Krieger Beard warehouse in Plymouth, Indiana. After picking up the equipment as specified by Krieger Beard, Plaintiff went about his assigned jobs for the day.

Plaintiff was required to report to his first job for the day by 8 AM. His last job assignment for the day usually went until 5 or 6 PM. Plaintiff used the MobiControl application to "check in" to each job assignment and "check out" once he completed each job. During the day, Plaintiff was required to check the MobiControl application for any additional job assignments. If Plaintiff declined these additional assignments, he could be suspended or terminated. On one occasion, Plaintiff was threatened with termination for declining a job assignment which required him to travel over 50 miles.

While performing work for Krieger Beard, Plaintiff was required to wear a uniform with an AT&T/DIRECTV logo, khaki pants, and boots. Plaintiff was also required to attend periodic trainings, hosted by Krieger Beard, in which he was instructed on how to install specific equipment. Plaintiff was paid based on a point system, in which he received a certain amount of pay for each service he performed. Plaintiff could not bargain over the pay he received for each service. In addition, Plaintiff was subject to a host of deductions made by Krieger Beard from his pay, including for equipment which was allegedly lost, and for installations which he was told were not performed properly.

Plaintiff typically worked eight to ten hours a day, five to six days a week. Based on his observations and conversations with the other KBS technicians at the Gary and Plymouth warehouses, Plaintiff's experiences described herein are consistent with others similarly situated. For example, these technicians worked a similar schedule, and also did not receive time-and-a-half for hours worked over 40 a week. Although Plaintiff and those similarly situated regularly worked 50 or more hours a week, they were never paid time-and-a-half for hours worked in excess of 40 a week.

These facts satisfy the requirement that Plaintiff make a modest factual showing that he is similarly situated to the other technicians in his proposed class. In its memorandum in opposition, Krieger Beard points out additional evidence that Plaintiff has not provided, but which was found probative in other cases in this circuit. The standard, however, does not require specific types of evidence. The facts in Plaintiff's affidavit are detailed and, if proven, describe a "single, FLSA violating policy" that Krieger Beard applied uniformly to all of its service technicians. *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 585 (6th Cir. 2009). That is enough to obtain conditional certification in the Sixth Circuit.

Krieger Beard also argues that Plaintiff was properly classified as an independent contractor and therefore was not entitled to overtime pay or minimum wage protections. This is legal question that goes to the merits of Plaintiff's claims, which the Court does not consider at this stage.

### B. Plaintiff's Proposed Notice

Plaintiff submitted a proposed notice (the "Notice") to be sent to putative class members by mail and email. (Doc. 15-1.) He also provided a proposed text message to use as an additional means to contact individuals. (Doc. 15-5.) Krieger Beard objects to the Notice only on the grounds

5

that Plaintiff is not entitled to conditional certification. As the Court has found that Plaintiff is entitled to class certification, Krieger Beard's lone objection fails.

This case contains the same basic allegations and raises the same legal questions as does the related case, *Perry v. Krieger Beard Services, LLC*, Case No. 3:17-cv-161. In *Perry*, the Court also has granted conditional certification of a class of technicians and approved a proposed notice, subject to certain revisions. The Court soon will enter an order consolidating this case with *Perry* pursuant to Fed. R. Civ. P. 42. Plaintiff in this case is ordered to work with the Plaintiffs in *Perry* to draft a single notice to be sent to putative opt-in plaintiffs that conforms to its Order granting conditional certification. The Court does not approve sending the text message, which Plaintiff in this case proposes, because that issue was not raised in *Perry*. In addition, the Court finds that the notice plan approved in *Perry* is sufficient.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion for Conditional Certification (Doc. 15).

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, July 2, 2018.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE